IT? JSCTMENT. 1 he plaintiffclaimed cravier the T«'«stees o? the Univtufriy, who claimed the Sands at coniisc tied, bavi««s lately belonged to H<mry Eustace M'Cullocii, who was, and ve-stía fred aa abJerase bathe time oí the war. St became neccssciy foe the phdntiff to prove tbtt these Unds has belonged ro ITCai-locho Tira plaintiff proponed to do this by a variety of circum-«lances, arad particularly that the defendant being in possession when the attorney for the umivera’n.y was about to sue, admitted tile lands did once belong to McCulloch, and» had been
 
 coaasem-
 
 e«L Tins was intended to be relied on as circunast.mtial proof, *h«t the defendant knew the grants to Lina had existed. Uuv;
 
 Ha!I,
 
 J'idge, refused the testimony
 
 ;
 
 saying, such ck« «rastrau-va, ¡unconnected with possession, were not proper to be iecefrtc as raising tbs presamtion of a grant. The trial proceeded, arad the defendant offered in evidence, a elect] signed by the attorney o£ H emryjE'istacs M'Culloeh, which bad been delivered to Hughey, who had conveyed to the defendant in 178A This deed had been delivered, after this «ale by the trustees of the. Umvc.-chy, to the plaintiff. But tfe 5 defendants counsel offered vimtsscs to prove rlie usual practice of Henry Eustace McCulloch to h-,i« been, when he contracted for the sale of lands, to receive <xni of the money, fiad to deliver a deed to the purchaser, arad irra aedia&iiy tabe it bad: irosa him, before registration, anti to
 
 ác-ima
 
 it till the residue of the money should be paid. The plain» tiff’s counsel objected that such testimony, net applying irniso* diately to this deed, ought not to be received. But the courv decided, that such evidence might be given ao circumsiaath! proof of die delivery. The plairatiS’s o.vnsei then offered to prove that, after the date of the deed from M'Cuiloch, Hughey ¡-’oTegeb he had not paid the purebiue money, and that he had no tide, as circumstantial evidence to shew that la fact $vt> ¿elívew of this deed had ever been made to Hughey. Bu» A e court would not receive this evidence, though the confesrim wra s.rade before the deed of Hughey to Arnold, because if raceiv-«tu it wor.l’l ra&cct a third person, Arnold, the purchaser urdra Hughey. -t vh insisted for ¡he plaintiff that such drbwvy, if belfrvod bv íhe jury, wa» a delivery upon condition ; to be
 
 *?■
 
 «•- iud should the money afterward'! be raid, which tra: having bcc-s» done before the confiscation sets in 1779, that the deed he.? in.-;; pv s>ed the tide from M‘Culioch, and consequently that the ccitn « cation acts had found the ífffr in hits, aou had transfered rt vo the state. But the court said -such a deimxy was effectual to pass the title from him. 'Jl'be plaintiff’s counsel urged that i£ glhe delivery was good, still registration was necessary to com-the title; of the purchaser, and that had not ¡‘.alien place in
 
 *288
 
 177S, nor was o'i Igiually in ten .e'l to take place till the purchase money ish.v, , :?•. o;,i>V. fbertiure the title remained in Heiuy Eustace 1va1C¿iloosS, and of course w..s confiscated. Yhe court said that the deed had lately been registered, having been delivered by the attorney of Henry Eustace McCulloch, who claims the purchase vuu.ey; and when registered that it Lad relation hark to the time of its first delivery, sad passed the title as from that time., and therefore M‘Cul!och was divested oí it be lore ’79. The defendant was in possession in 1779, when the attorney for the trustees conveyed
 
 ;
 
 and tas court scud, for ihat reason a conveyance could not be «Mde before the possession was recovered from liiin and that though possibly (which he would nut determine) the state tnlgh; h■ >. ,a
 
 conveyed,
 
 because the state is in possession without entry its all canes where en individual would be by entry ; yet the tvustuei, of he University, the grantees of the state, were not entitled to \..s same privileges.
 

 Verdü. t and judgment for the defendant*
 

 The reporter is bound by his duty to the public to question, at least one part of this decision. An admisejin made relative to the land in question, fcy one who afterward* sells to another, is certainly as much evidence against the purchaser as it was against the vender before the sale: Otherwise the person who was entitled to the benefit of such evidence (which might be decisive evidence too) might be wholly deprived of it by an alienation of the owner. What the reporter cou.onds for is too clear to need much illustration. A verdict can be given in evidence againri a purchaser. — A recital in a deed of the former owner may..— An answer in chancery mav, as a confession, unless in case whsie the alien himself, or some person claiming under him would make use of it: 4 C. D. Evidence, A
 
 5,
 
 ch. 3. 6 Mod. 44. Salk. 286. Pek. Evidence, 26, 34, 35 L. Evidence, 36. And nothing is more common it: our practice than to give evideucs (with respect to the tó-nt oí b< ut darks.) of what the ibraer owner said, if it operates against hkn.
 

 But let it be rccrteinbared, once lor all, tbfit I impute this, as well as every other mistr.ke ol Judge
 
 Mali,
 
 to the burry of buck ness. I belie vu the government at this tisiie has no officer who more deserves us confidence: Yu; I cannot agree to disseminate ■wrong legal notions -./'ii ol respect to the opinion of any sue,